## REUBEN JONES *versus* The Inhabitants of ANDOVER.

In *St.* 1786, *c.* 81, § 7, giving double damages for an injury received through a defect in any highway, the term *highway* includes *town-way.*[2]

THIS was an action of the case, founded upon *St.* 1786, *c.* 81, § 7, to recover double damages for an injury sustained by the plaintiff, by reason of a certain highway in Andover

----

[2] In the enactment on this subject in the Revised Statutes *town-ways* are expressly named. *c.* 25, § 22.

Jones
*v.*
Andover.

being suffered to be out of repair and encumbered by a large stone.

At the trial it appeared, that the way was a town-way, laid out by the selectmen of Andover, and accepted by the inhabitants of the town.

The defendants contended that an action does not lie upon the statute for an injury sustained in a town-way. By consent of parties a nonsuit was directed, subject to the opinion of the whole Court.

*Nov.* 10*th.*

*Saltonstall* and *S. Merrill,* for the plaintiff, referred to *St* 1786, *c.* 81, § 1, 3, 7, 10, 11 ; *St.* 1787, *c.* 17, § 1 ; Vin. Abr. *Chimin Common, A, pl.* 3, 4 ; *Craigie* v. *Mellen,* 6 Mass. R. 7 ; *Commonwealth* v. *Newbury,* 2 Pick. 57 ; *Commonwealth* v. *Low,* 3 Pick. 408 ; *Todd* v. *Rome,* 2 Greenl. 55 ; 1 Hawk. P. C. *c.* 76, § 1 ; *Rex* v. *Hamond,* 1 Str. 44 ; *Regina* v. *Sainthill,* 2 Ld. Raym. 1174.

60

*Choate, contrà,* cited *Mower* v. *Leicester,* 9 Mass. R. 247 ; *Riddle* v. *Merrimack Locks,* &c. 7 Mass. R. 187 ; Ancient Chart. &c. 269 ; *St.* 1786, *c.* 81, § 1, 2, 3, 4, 5, 6, 8 ; *St.* 1786, *c.* 67, § 7.

The opinion of the Court was drawn up by

*April term*
1828.

PARKER C. J. The question in this case turns upon the construction of the 7th section of the statute of 1786, *c.* 81, which provides, that if any person shall lose a limb, &c. or receive injury in his property "through any defect, or want of necessary repair and amendment of any highway, causeway, or bridge, the person injured thereby shall and may re cover of the county, town, the person or persons who are by law obliged to keep the same highway, causeway, or bridge in repair, in case they had reasonable notice of the defect, double the damages thereby sustained."

The declaration sets out, that the injury complained of happened through defect of a highway in the town of Andover. It appeared in evidence, that the place where, &c. was a town-way, laid out pursuant to law by the selectmen, and accepted by the inhabitants of Andover. It is contended that such way is not a highway within the meaning of the statute ; and therefore that this action is not given by the statute. If in the section above cited the word *highway* is used by

Jones<br>v.<br>Andover

the legislature in a strictly technical sense, *viz.* as a public way laid out under the authority of the Court of Sessions, then the case is not within the statute ; if in a mere popular sense as a road or way generally, then the remedy given will apply to damage happening from defects in any way, whether it be a public highway, a county road, a town-way, which is sometimes in the statute called a private way, or a private way *technically*, which is a way established by law for the particular benefit or accommodation of individuals, such as lead from a county or town road to the farms or dwellinghouses of private individuals, and which are to be maintained and kept in repair by those for whose accommodation they were established ; for by the statute of 1786 this latter species of way is put much upon the same footing in regard to repairs, and the liabilities of those who are bound to maintain them, as the two other kinds of ways.

It is true that in the preceding sections of the statute, and in another chapter of the statute of 1786, *viz. c.* 67, there seems to be a distinction kept up between the terms *highway* and *town-way*, the first usually designating a county road, or what may be properly called a public highway, which is laid out for the benefit of the public at large. And yet the distinction is not maintained so precisely as to satisfy us, that in some instances where the term *highway* is used, it does not include town as well as county roads.

In the first section of the statute on which the action is brought, an instance occurs which proves this loose application of the term. In the enacting part of this section, both terms are used, *highways* and *town-ways*, and in the first proviso it is enacted, that the surveyors shall have power to remove obstructions, &c. from the highway or town-way, to dig up, cut down trees, &c. that may straiten or hinder the *highway* or *town-way* ; also to dig for stone, gravel, clay, &c. in any land not planted or inclosed, and the materials thus dug up to remove to such place or places in the *highways*, for the repair and amendment thereof, &c. Without doubt this same authority to repair was intended to extend to *town-ways*, and yet it does not, unless they are included within the term *highways*. In the second proviso it is enacted, that no surveyor

Jones
v.
Andover.

shall cause any water-course, occasioned by the wash of *any highway or town-way*, to be so conveyed by the side of *such highway* as to incommode any person's house or store, &c. Was it intended that this might be done in town-ways ? If not, then town-ways, in this part of the statute, were included in the term *highways*.

Again, in the 3d section the terms *highways* and *town-ways* are used together almost throughout, in providing for the assessment of the tax, the manner of paying it, the duty of the surveyor, &c. ; and yet at the close, it is required that the surveyor shall, at the expiration of his term, render to the assessors a list of such persons as shall have been deficient in working out their *highway* rate, without mentioning town-ways as before.

In the 7th section of the statute itself, which gives the action, may be found strong reasons for supposing, that in the use of the term *highway* more was intended to be included than a public county road. First there is the same reason for a remedy in regard to damage happening in the one road as the other ; in all other respects there is the same liability upon the same corporation. Then, it is clear, that if the damage happen from defect in a *causeway* or *bridge*, the remedy applies, although such causeway or bridge be in a town-way and not a county road, for the *county, town* or *person* who ought to keep it in repair, is made answerable for damages. This perhaps shows that the remedy is to be applied even in the case of a strictly private way, for in no other case can any person, other than the county or town, be obliged to keep them in repair. And further, although in the first branch of this section *highway* is the term used, yet in the latter branch it is provided, that if the life of any person shall be lost through the deficiency of the *way*, causeway, or bridge, there shall be a penalty.

We think, then, we are authorized to say, that the legislature, in providing a remedy suitable for all cases of damage happening from culpable neglect in parties obliged by law to maintain roads, did not use the term *highway* in the straitened sense supposed, which would leave the citizens without remedy, but in the general popular sense, including certainly

*t*own-ways, which, though of inferior importance to county roads, are yet public in their use, and may not improperly be termed highways.

The distinction between a highway and a private way in England is, th*a*t the former is the way to a market, a great road comm*on* to all passengers, &c. ; Com. Dig. *Chimin,* *A* 1 ; and the latter is such as goes to a church, house, vill, o*r* *c*lose, and is not common for all the king's subjects ; or it may be like our private ways from a meadow or close to a street.  Com. Dig. *Chimin, D* 1.  Our town-ways are of an intermediate character.  They are more public than private. All the citizens have a right to use them.  They are the subject of indictment if out of repair.  It is not surprising therefore that the legislature should treat them as *highways.*

*The nonsuit taken off.*[1]

**63**

---

[1] See *Jones* v. *An*d*over,* 9 Pick. 146; *Bigelow* v. *Weston,* 3 Pick. (2d ed.) 269, note 1